# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation of Supervised Release**) |
| v. | Case Number:  04-cr-00264-WYD-02 |
|  | USM Number:  32729-013 |
| STEVEN WADE LUCKENBILL | Lynn Anne Pierce, Appointed<br>(Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 1, 2, 3, 4, 5, 6, 7 and 8, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Possession and Use of a Controlled Substance | 03/06/07 |
| 2 | Possession and Use of a Controlled Substance | 03/16/07 |

     The defendant is sentenced as provided in pages 2 through 11 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

     It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

     It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

May 30, 2008
Date of Imposition of Judgment

s/ Wiley Y. Daniel
Signature of Judge

Wiley Y. Daniel, U.S. District Judge
Name & Title of Judge

June 13, 2008
Date

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Possession and Use of a Controlled Substance | 03/23/07 |
| 4 | Failure to Participate in Drug Treatment as Directed by the Probation Officer (Urinalysis) | 04/10/07 |
| 5 | Failure to Participate in Drug/Mental Health Treatment as Directed by the Probation Officer (Counseling) | 04/12/07 |
| 6 | Failure to Participate in Drug Treatment as Directed by the Probation Officer (Urinalysis) | 10/05/07 |
| 7 | Failure to Participate in Drug/Mental Health Treatment as Directed by the Probation Officer (Counseling) | 10/03/07 |
| 8 | Failure to Report to the Probation Officer as Directed | 10/05/07 |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 14 months.

The court recommends that the Bureau of Prisons credit defendant with 185 days spent in official detention prior to revocation of supervised release.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years (less any time imposed on revocation).

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until he is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until he is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.

3) The defendant shall remain compliant and shall take all medications that are prescribed by his treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

4) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

5) Pursuant to 18 U.S.C. § 3583(d), it is ordered that the defendant make restitution to the victims (see attached list), in the amount of $23,167.74, jointly and severally with co-defendant Patrick Neil Creech, 04-cr-00264-WYD-01.

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 4 | $0.00 | $0.00 | $23,167.74 |
| **TOTALS** | $0.00 | $0.00 | $23,167.74 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below. If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Callie Glover<br>(address withheld) | $240.17 | $240.17 | |
| Bank One/First USA<br>Attn: Recoveries<br>P.O. Box 2300<br>Elgin, IL 60121<br>Ref: Account 37098151398743 | $250.00 | $250.00 | |
| Capital One<br>P.O. Box 85582<br>Richmond, VA 23260<br>Ref: 1411140622 | $170.03 | $170.03 | |
| Comp USA<br>Loss Prevention<br>Attn: Val Pruder<br>14951 N. Dallas Parkway<br>Dallas, TX 75254<br>Attn: Restitution | $2,022.43 | $2,022.43 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| ENT Federal Credit Union<br>Loss Prevention<br>7250 Campus Drive<br>Colorado Springs, CO  80920<br>Ref:  SACU Account 0032642670 | $1,900.00 | $1,900.00 | |
| First National Bank - Strasburg<br>P.O. Box 536<br>Strasburg, CO  80136<br>Ref:  Account 50015843 | $5,379.36 | $5,379.36 | |
| Home Depot<br>Corporate Security<br>Attn:  Nancy Brassfield<br>2455 Pacesferry Road NW<br>Atlanta, GA  30339<br>Ref:  Account 0136787103 | $570.00 | $570.00 | |
| Home Depot<br>Corporate Security<br>Attn:  Nancy Brassfield<br>2455 Pacesferry Road NW<br>Atlanta, GA  30339<br>Ref:  Account 5000112 | $865.54 | $865.54 | |
| King Soopers<br>65 Tejon Street<br>P.O. Box 5567<br>Denver, CO  80217<br>Attn:  Fraud, CSNB Account 062154 | $489.76 | $489.76 | |
| King Soopers<br>65 Tejon Street<br>P.O. Box 5567<br>Denver, CO  80217<br>Attn:  Fraud, ENT FCU Account 136787 | $569.35 | $569.35 | |

   * Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| King Soopers<br>65 Tejon Street<br>P.O. Box 5567<br>Denver, CO 80217<br>Attn: Fraud, SSFC Account 4276441071 | $411.69 | $411.69 | |
| K-Mart<br>3100 West Big Beaver Road<br>Troy, MI 48084<br>Attn: Loss Prevention<br>Ref: ENT FCU Account 136787 | $217.70 | $217.70 | |
| Liberty Savings Bank<br>120 W. Second Street, Suite 232<br>Dayton, OH 45402<br>Attn: Corporate Security<br>Ref: Account 5754005210 | $2,113.32 | $2,113.32 | |
| Loaf-N-Stores<br>c/o Kroger's, Inc.<br>65 Tejon Street<br>P.O. Box 5567<br>Denver, CO 80217<br>Attn: Fraud, ENT FCU Account 136787 | $82.82 | $82.82 | |
| Loaf-N-Jug Stores<br>c/o Kroger's, Inc.<br>65 Tejon Street<br>P.O. Box 5567<br>Denver, CO 80217<br>Attn: Fraud, Pueblo Bank and Trust Account | $55.31 | $55.31 | |
| Lowe's<br>2945 New Center Point<br>Colorado Springs, CO 80922<br>Attn: Loss Prevention<br>Ref: US Bank Account 5000112 | $254.30 | $254.30 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Office Max<br>3605 Warrensville Centre Road<br>Beachwood, OH 44122<br>Attn: Corporate Security<br>Ref: US Bank Account 5000112 | $81.67 | $81.67 | |
| Radio Shack<br>200 Taylor Street, Suite 600<br>Ft. Worth, TX 76102<br>Attn: Corporate Security<br>Ref: US Bank Account 5000112 | $212.77 | $212.77 | |
| Super Target<br>3810 Bloomington Street<br>Colorado Springs, CO 80922<br>Attn: Loss Prevention<br>Ref: US Bank Account 5000112 | $144.87 | $144.87 | |
| US Bancorp/US Bank<br>2555 S. Colorado Blvd., Suite 30<br>Denver, CO 80222<br>Attn: Mark Fix, Corporate Security Investigations<br>Ref: Account 1036-5523-8253 | $1,158.67 | $1,158.67 | |
| Wal-Mart Stores, Inc.<br>P.O. Box 1125<br>Lowell, AR 72745-1125<br>Attn: Fraud, CSNB Account 062154 | $873.39 | $873.39 | |
| Wal-Mart Stores, Inc.<br>P.O. Box 1125<br>Lowell, AR 72745-1125<br>Attn: Fraud, ENT FCU Account 136787 | $2,987.46 | $2,987.46 | |
| Wal-Mart Stores, Inc.<br>P.O. Box 1125<br>Lowell, AR 72745-1125<br>Attn: Fraud, SSFC Account 4276441071 | $370.73 | $370.73 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: STEVEN WADE LUCKENBILL
CASE NUMBER: 04-cr-00264-WYD-02                                     Judgment-Page 10 of 11

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Wells Fargo Bank<br>Corporate Security<br>100 West Washington<br>Phoenix, AZ  85072<br>Ref:  Account 0193120086 | $656.48 | $656.48 | |
| Wells Fargo Bank<br>Corporate Security<br>100 West Washington<br>Phoenix, AZ  85072<br>Ref:  Account 0735847162193120086 | $941.47 | $941.47 | |
| World Savings Bank<br>2101 East Arapahoe Road<br>Centennial, CO  80122<br>Attn:  Steve Linstrom<br>AVP/Division Security Manager<br>Ref:  Account 4778-1905-1030-9801 | $148.45 | $148.45 | |
| **TOTALS** | $23,167.74 | $23,167.74 | |

Restitution amount ordered pursuant to plea agreement: . . . . . $23,167.74

Interest on the restitution obligation will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment is due and payable immediately (special assessment has been paid.)

The restitution obligation shall be joint and several with similar obligations to pay restitution imposed on Patrick Neil Creech, 04-cr-00264-WYD-01.

Restitution shall be due and owing during the term of incarceration with any unpaid balance upon release from imprisonment to be paid in equal monthly installments of at least $250.00 during the term of supervised release.

Individual victims shall be paid first. Payments shall be made in alphabetical order of the remaining victims. Disbursement of restitution payments sent to victims and returned to the Clerk of the Court as unclaimed or undeliverable shall be deposited into the Court's registry and disbursed to the remaining victims. Disbursement of restitution payments shall be deferred until the balance of the Court registry account totals at least $500.00

All monetary obligation payments, except those payments made through the Federal Bureau of Prison's Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) special assessment, (2) restitution principal.